the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

It is defendant's assertion that the eyewitness descriptions of defendant were substantially different in their identification of the defendant as a participant in the robbery.

We cannot agree. Even without defendant's taped confession, the record is replete with incriminating evidence. Various bank employees clearly identified the defendant as a participant in the robbery by serving as a lookout while armed with a gun. Clearly, the evidence was sufficient to support the verdict.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

has become moot and should be dismissed as such.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that John D. Bodine, is removed as a member of the Bar of this State and that the Clerk of this Court remove his name from the roll of attorneys. It is also Ordered that the Respondent must comply with the provisions of Admission and Discipline Rule 23, Section 4, in order to become eligible for reinstatement in the future. It is further Ordered that this cause be dismissed as moot.

The Clerk of this Court is directed to forward notice of this Order in accordance with the provisions of Admission and Discipline rule 23, Section 3(d) governing disbarment and suspension.

Costs of this proceeding are assessed against the Respondent.

All Justices concur.

---

**In the Matter of John D. BODINE.**

**No. 71S00–8606–DI–578.**

Supreme Court of Indiana.

Jan. 8, 1987.

ORDER ACCEPTING RESIGNATION

Comes now the Respondent, John D. Bodine, and tenders to this Court his Affidavit of Resignation pursuant to Admission and Discipline Rule 23, Section 17.

And this Court, being duly advised, now finds that the Respondent's affidavit meets the necessary elements set forth in Admission and Discipline Rule 23, Section 17. Accordingly, this Court accepts Respondent's resignation which is to be effective immediately. In light of Respondent's resignation, we find further that this matter

**Stephen TANCOS, Appellant (Defendant-Counter-Plaintiff Below),**

v.

**A.W., INC., Appellee (Plaintiff-Counter-Defendant Below).**

**No. 4–785 A 202.**

Court of Appeals of Indiana, Fourth District.

Dec. 23, 1986.
Rehearing Denied Feb. 2, 1987.

